UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL PUCHA and MARIA ALBA M. PUCHA PAUCAR, individually and in behalf of all other persons similarly situated,<br><br>                    Plaintiffs,<br><br>                –against–<br><br>NIGHT OWL CLEANING SERVICES, INC.; NIGHT OWL II CLEANING SERVICES INC.; ARLETE TURTURRO, jointly and severally,<br><br>                    Defendants. | 17 CV 669 |

**CLASS ACTION COMPLAINT AND JURY DEMAND**

      1.      The plaintiffs, in behalf of other similarly situated current and former employees of the defendants who consent to become party plaintiffs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 215(b), allege that the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the defendants are liable to the plaintiffs and party plaintiffs for unpaid or underpaid overtime compensation, and such other relief available by law.

      2.      The plaintiffs, on behalf of themselves and a class, further allege, pursuant to N.Y. Lab. Law §§ 198(1-a) and 663(1), that the defendants violated the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and section 191 of the New York Labor Law, and the defendants are liable to the plaintiffs and class for unpaid or underpaid overtime compensation, and such other relief available by law.

      3.      The plaintiffs and class further allege, pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-d), that the defendants violated the same, N.Y. Lab. Law § 195(3), and that

1

the plaintiffs and class should be awarded of the defendants statutory damages, injunctive relief, and such other relief available by law.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the Court by the Fair Labor Standards Act, 29 U.S.C. § 216(b), and further by 28 U.S.C. §§ 1331 and 1337.

5. Jurisdiction over all other claims is within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391. The parties reside where set forth herein. A substantial part of the events or omissions giving rise to the claims alleged herein occurred in the judicial district of this Court.

## PARTIES

7. The plaintiff Angel Pucha is and was at all relevant times an adult residing in Westchester County, New York.

8. The plaintiff Maria Alba M. Pucha Paucar is and was at all relevant times an adult residing in Westchester County, New York.

9. The defendant Night Owl Cleaning Service, Inc, is and was at all relevant times a New York business corporation with its office in Putnam County.

10. The defendant Night Owl II Cleaning Services Inc. is and was at all relevant times a New York business corporation with its office in Putnam County.

11. Upon information and belief, the defendant Arlete Turturro is and was at all relevant times an adult residing in Westchester County, New York.

**COLLECTIVE ACTION ALLEGATIONS**

12.     Pursuant to 29 U.S.C. § 216(b), the plaintiffs commence this action as to the plaintiffs' claims arising under the Fair Labor Standards Act as a collective action in behalf of all similarly situated current and former employees of the defendants at any time since three years before the date of this complaint to the entry of judgment in this action who consent to become party plaintiffs.

13.     The plaintiffs and the putative party plaintiffs have had substantially similar jobs and compensation and have been subject to the defendants' common policies and practices of willfully violating the Fair Labor Standards Act as set forth in this complaint. The claims of the plaintiffs stated herein are similar to those of the putative party plaintiffs.

**CLASS ACTION ALLEGATIONS**

14.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the plaintiffs seek to prosecute the plaintiffs' claims as a class action in behalf of a class consisting of all current and former employees who are or were formerly employed, within the meaning of the New York Labor Law, by the defendants in the state of New York at any time since six years prior to the date of the complaint to the entry of judgment in this case and to whom the defendants (1) failed to pay or underpaid overtime compensation at a rate not less than one and one-half times the plaintiffs' and class's regular rate of pay for the hours the plaintiffs and class worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.4 and (2) failure to furnish a wage statement with each payment of wages.

15.     This class is so numerous that joinder of all class members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the defendants, upon information and belief,

there are approximately one hundred members of the class, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

16.     The plaintiffs will fairly and adequately protect the interests of the class and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. The plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

17.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a class action.

18.     Questions of law and fact common to the class predominate over questions that may affect only individual members because the defendants have acted on grounds generally applicable to the class. Among the common questions of law and fact common to the class are: (1) whether the defendants employed the class within the meaning of the New York Labor Law; (2) what proof of hours worked is sufficient where the employer fails in its duty to maintain time records; (3) whether the defendants failed to pay or underpaid overtime compensation at a rate not less than one and one-half times the plaintiffs' and class's regular rate of pay for the hours the plaintiffs and class worked in excess of forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.4; (4) whether the defendants provided accurate weekly wage statements with the payment of wages each week; and (5) whether the defendants are liable for all damages claimed

hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorney's fees.

## STATEMENT OF FACTS

19. At all relevant times, the defendants' business is cleaning agency doing business as Night Owl Cleaning Services and located at 3881 Danbury Road, Suite K, Brewster, New York.

20. Upon information and belief, at all relevant times, the defendant Arlete Turturro was an owner, shareholder, officer, or manager of the defendants' business.

21. Upon information and belief, at all relevant times, the defendant Arlete Turturro was an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and party plaintiffs, and acted directly or indirectly in the interest of an employer.

22. Upon information and belief, at all relevant times, the defendant Arlete Turturro had the capacity on behalf of the defendants to establish the wages and hours of the employees of the defendants.

23. The defendants are associated and are joint employers, act in the interest of each other with respect to the employees of the defendants, have common policies and practices as to wages and hours, and share control over the defendants' employees.

24. The defendants employed the plaintiff Angel Pucha approximately from 2001 until April 2016.

25. The defendants employed the plaintiff Angel Pucha as a construction worker and cleaning person.

26. The plaintiff Angel Pucha worked for the defendants approximately between forty-five and one hundred four hours per week.

27. The defendants paid the plaintiff Angel Pucha approximately $12.00 per hour from 2009 until approximately September 2015 and then approximately $1000 per week thereafter.

28. The defendants paid the plaintiff Angel Pucha by check.

29. The defendants employed the plaintiff Maria Alba M. Pucha Paucar approximately from 2004 until April 2016.

30. The defendants employed the plaintiff Maria Alba M. Pucha Paucar as a cleaning person.

31. The plaintiff Maria Alba M. Pucha Paucar worked for the defendants approximately between fifty-six and eighty hours per week.

32. The defendants paid the plaintiff Maria Alba M. Pucha Paucar approximately $8.00 per hour until 2012, then approximately $9.00 per hour until approximately 2014, then approximately $10.00 per hour until approximately 2015, then approximately $15.00 per hour until approximately January 2016, then approximately $13.50 per hour.

33. The defendants paid the plaintiff Maria Alba M. Pucha Paucar by check.

34. The plaintiffs, class, and party plaintiffs worked more than forty hours each workweek, yet the defendants willfully failed to pay the plaintiffs and party plaintiffs overtime compensation of one and one-half times their regular rate of pay.

35. The defendants failed to provide the plaintiffs and class with a statement with each payment of wages.

36. Upon information and belief, while the defendants employed the plaintiffs, class, and party plaintiffs, the defendants failed to post or keep posted notices explaining the minimum wage rights of employees under the Fair Labor Standards Act and the New York Labor Law, and the plaintiffs, class, and party plaintiffs were uninformed of their rights during such times.

37. Upon information and belief, while the defendants employed the plaintiffs, class, and party plaintiffs, the defendants failed to maintain accurate and sufficient records.

## FIRST CLAIM FOR RELIEF:
## FAIR LABOR STANDARDS ACT

38. The plaintiffs, on behalf of the plaintiffs, class, and party plaintiffs, reallege and incorporate by reference paragraphs 1 through 37 as if they were set forth again herein.

39. At all relevant times, the defendants, employers, employed the plaintiffs and party plaintiffs, employees, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (e)(1), and (g).

40. The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

41. The enterprise of the defendants employs employees engaged in commerce or in the production of goods for commerce, or in handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(i).

42. Upon information and belief, at all relevant times, the enterprise of the defendants has had an annual gross volume of sales made or business done not less than of $500,000, exclusive of separate retail excise taxes, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A)(ii).

43. Therefore, upon information and belief, at all relevant times, the plaintiffs and party plaintiffs have been employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(s)(1)(A).

44. The defendants in many workweeks willfully and repeatedly violated the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay the plaintiffs and party plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed more than forty hours in a workweek.

45. By 29 U.S.C. § 216(b), the defendants are liable to the plaintiffs and party plaintiffs for unpaid or underpaid overtime compensation.

46. The defendants failed to post notices of the defendants' employees' rights under the law, required by 29 C.F.R. § 516.4.

47. Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiffs and party plaintiffs are entitled to the equitable tolling of their claims during the time that the defendants failed to post such notices.

48. The foregoing conduct, as alleged, constitutes a willful violation of the Fair Labor Standards Act within the meaning of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

49. The plaintiffs and party plaintiffs are further entitled to recover of the defendants an equal amount as liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF:**
**MINIMUM WAGE ACT**

50. The plaintiffs and class reallege and incorporate by reference paragraphs 1 through 49 as if they were set forth again herein.

51. At all relevant times, the defendants, employers, employed the plaintiffs and class, employees, within the meaning of the New York Labor Law, §§ 2(5)–(7), 190(2)–(3), and 651(5)–(6), and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-3.2.

52. The defendants violated the plaintiffs' and class's rights by failing to pay or underpaying the plaintiffs and class overtime compensation at a rate not less than one and one-half

8

times the plaintiffs' and class's regular rate of pay for the hours the plaintiffs and class worked more than forty per workweek, in violation of N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.4.

53.     The defendants' failure to pay the plaintiffs and class the foregoing timely is a violation of section 191 of the New York Labor Law.

54.     By N.Y. Lab. Law §§ 198(1-a) and 663(1), the defendants are liable to the plaintiffs and class for unpaid or underpaid overtime compensation.

55.     The plaintiffs and class are further entitled to recover of the defendants liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1).

56.     The defendants failed to post notices of the defendants' employees' rights under the law, required by N.Y. Lab. Law § 661 and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-2.3.

57.     Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiffs are entitled to the equitable tolling of the plaintiffs' and class's claims during the time that the defendants failed to post such notices.

## THIRD CLAIM FOR RELIEF: WAGE THEFT PREVENTION ACT

58.     The plaintiffs and class reallege and incorporate by reference paragraphs 1 through 57 as if they were set forth again herein.

59.     The defendants failed to furnish to the plaintiffs and class with each wage payment a statement listing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; and net wages; in violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-2.2.

60. Due to the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) and N.Y. Comp. Codes R. & Regs. tit. 12, § 141-2.2, the plaintiffs and class should be awarded of the defendants statutory damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, until February 26, 2015, and statutory damages of $250.00 per workday that the violation occurred, up to a maximum of $5,000, thereafter, pursuant to N.Y. Lab. Law § 198(1-d).

61. Further, the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, should be permanently enjoined from violating the Wage Theft Prevention Act, § 195(3), pursuant to the same, N.Y. Lab. Law § 198(1-d).

## FOURTH CLAIM FOR RELIEF:
## DECLARATORY RELIEF

62. The plaintiffs, party plaintiffs, and class reallege and incorporate by reference paragraphs 1 through 61 as if they were set forth again herein.

63. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and Rule 57 of the Federal Rules of Civil Procedure, the plaintiffs may obtain declaratory relief.

64. The defendants violated the Fair Labor Standards Act, Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act.

65. It is in the public interest to have these declarations of rights recorded.

66. A declaratory judgment serves the useful purpose of clarifying and settling the legal issues in this action.

67.     A declaratory judgment would terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this action.

## PRAYER FOR RELIEF

68.     Wherefore, the plaintiffs, on behalf of the plaintiffs, class, and party plaintiffs, pray this Court grant as relief:

   a.   designation of this action as a collective action in behalf of the party plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated putative party plaintiffs, apprising them of the pendency of this action, permitting them to assert timely claims under the Fair Labor Standards Act in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiffs and the plaintiffs' attorneys to represent the party plaintiffs;

   b.   determination that this action may proceed and be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

   c.   a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, the Minimum Wage Act, section 191 of the New York Labor Law, and the Wage Theft Prevention Act;

   d.   an award of unpaid or underpaid overtime compensation, due under the Fair Labor Standards Act;

   e.   an award of liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

   f.   an award of unpaid or underpaid overtime compensation, due under the Minimum Wage Act and section 191 of the New York Labor Law;

    g.    an award of liquidated damages pursuant to the Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a), and the Minimum Wage Act, N.Y. Lab. Law § 663(1);

    h.    an award of statutory damages for the defendants' violation of the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3), pursuant to the same, N.Y. Lab. Law § 198(1-d);

    i.    a permanent injunction restraining the defendants, including the defendants' officers, agents, employees, and those persons in active concert or participation with the defendants, from violating the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3), pursuant to the same, N.Y. Lab. Law § 198(1-d);

    j.    if liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

    k.    an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, §§ 5001–02;

    l.    an award of postjudgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules, § 5003;

    m.    an award of the attorney's fees, costs, and further expenses up to fifty dollars, of this action, pursuant to 29 U.S.C. § 216(b), and N.Y. Lab. Law §§ 198(1)–(2) and 663(1); and

    n.    such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs, on behalf of the plaintiffs, class, and party plaintiffs, demand a trial by jury on all questions of fact raised by the complaint.

|  |  |
|---|---|
|  | LAW OFFICE OF JUSTIN A. ZELLER, P.C. |
|  | By: _____<br>John M. Gurrieri<br>jmgurrieri@zellerlegal.com<br>Brandon D. Sherr<br>bsherr@zellerlegal.com<br>Justin A. Zeller<br>jazeller@zellerlegal.com<br>277 Broadway, Suite 408<br>New York, N.Y. 10007-2036<br>Telephone: (212) 229-2249 |
| Dated: New York, New York<br>January 29, 2017 | Facsimile: (212) 229-2246<br>**ATTORNEYS FOR PLAINTIFFS** |