UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
ANGEL PUCHA and MARIA ALBA M. :
PUCHA PAUCAR, individually and on behalf :
of all other persons similarly situated, :  **ORDER**
                Plaintiffs, :
                                           :  17 CV 669 (VB)
v. :
    :
NIGHT OWL CLEANING SERVICES, INC., :
NIGHT OWL II CLEANING SERVICES, :
INC., ARLETE TURTURRO, jointly and :
severally, :
                Defendants. :
--------------------------------------------------------------x

Briccetti, J.:

      On May 21, 2018, defendants' counsel moved to dismiss this case pursuant to Rule 41(b), due to plaintiffs' counsel's failure to meet Court ordered deadlines, respond to communications, and comply with discovery obligations. (Doc. #46).

      On May 22, 2018, the Court issued an Order directing plaintiffs' counsel to show cause in writing why the case should not be deemed abandoned and dismissed for lack of prosecution. (Doc. #47).

      On May 29, 2018, plaintiffs' counsel submitted an affirmation in response, stating, among other things, that counsel has been busy performing data entry, and counsel did not believe it necessary to comply with discovery demands that were not "formally" served. (Doc. #51 ¶ 6).

      First, plaintiffs' counsel's representation is contrary to the Court's January 21, 2018, Order (Doc. 40), which reminded counsel of their obligation to comply strictly with Local Civil Rule 26.4. However "painstaking" (Doc. #51 ¶ 5), the performance of administrative tasks does not excuse counsel from the obligation to comply with Court orders, and cooperate with his adversary.

Further, the Court is confounded by plaintiffs' counsel's disingenuous representation that he has caused no "delay in this litigation of this action." (Doc. #51 ¶ 9). On January 24, 2018, the Court extended all discovery deadlines in this case due to plaintiffs' counsel's failure to comply with the deadlines in the Court's original Civil Case Discovery Plan and Scheduling Order. (See Docs. ##41, 44).

Finally, plaintiffs' counsel demonstrates no appreciation for the Court's or opposing counsel's time. Plaintiffs' counsel has indeed added to "congestion in the Court's docket." (Doc. #51 ¶ 11). The Court has expended considerable resources in repeatedly directing plaintiffs' counsel to do his job. Plaintiffs' interests, and the interests of justice, would be better served if plaintiffs' counsel spent more time prosecuting this case, and less time responding to orders to show cause.

Nevertheless, the Court is reluctant to prejudice plaintiffs for their attorneys' behavior by dismissing the case at this time. However, further dilatory tactics will not be tolerated. In the future, the Court will not hesitate to impose appropriate sanctions.

In view of the foregoing, and plaintiffs' counsel's representation that he has been prosecuting this case, however inexplicable his manner of doing so may be, defendants' motion to dismiss is DENIED.

The Clerk is instructed to terminate the pending motion. (Doc. #48).

Dated: May 30, 2018
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge