**GOLDBERG AND WEINBERGER LLP**
**Attorneys at Law**

**630 Third Avenue, 18th Floor**
**New York, New York 10017**

Lewis Goldberg (N.Y., CT. & N.J.)                    _____                    OTHER OFFICE:
Stuart Weinberger (N.Y. & N.J.)                                                       REDDING, CT.

**TEL: (212) 867-9595**
**FAX: (212) 949-1857**

September 24, 2018

_Via ECF_

Hon. Judge Vincent Briccetti
U.S. District Judge
U.S. District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

   Re:  _Angel Pucha et al v. Night Owl Cleaning Service, Inc., et al (17-CV-669) (VB)_

Dear Judge Briccetti:

   This office represents Defendants in the above referenced matter, and I am writing on behalf of both parties to respectfully request that the court approve the settlement agreement that has been reached and executed in this matter. A copy of the proposed settlement agreement, which has been fully executed, is annexed hereto as **Exhibit A.**[1] For the reasons set forth below, the parties request that Your Honor issue an order approving this agreement as fair and reasonable.

**A.**  **Introduction**

   On January 29, 2017, Plaintiffs commenced this action against Defendants Night Owl Cleaning Services, Inc., Night Owl II Cleaning Services, Inc., and Arlete Turturro. Specifically, Plaintiffs asserted various claims against Defendants, including claims to recover allegedly unpaid wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The Defendants have vigorously denied Plaintiffs' claims. The parties have agreed to settle this case for a total sum of $6,000.00. In addition, as part of the settlement, Plaintiffs have agreed to accept an additional $11,688.16, which was already paid by Defendants to the United States Treasury following an audit conducted by the U.S. Department of Labor ("DOL"), which covered the time period of December 22, 2013 to October 25, 2015.

   The parties seek a dismissal of Plaintiffs' claims, with prejudice, and request that the court approve the settlement in accordance with _Cheeks v. Freeport Pancake House,_ 796 F.3d 199 (2d Cir.

---

[1] A copy of a Proposed Stipulation and Order of Dismissal is annexed thereto as "Exhibit 2"

2015). Here, the parties believe that the proposed settlement is fair and reasonable because: (1) it was settled after extensive negotiations between competent counsel for both parties; and (2) the proposed settlement satisfies the factors set forth in *Wolinsky v. Scholastic, Inc.,* 900 F.Supp.2d 332, 335 (S.D.N.Y. 2015). Specifically, the *Wolinsky* factors consider: (1) the plaintiff's possible range of recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. In this case, those factors weigh heavily in favor of approving the settlement.

**B.    The Settlement Satisfies the Wolinsky Factors**

The first *Wolinsky* factor examines the "plaintiffs' range of possible recovery." Plaintiffs' case largely centered on their claim for alleged unpaid overtime wages. Plaintiffs asserted that over the course of their employment for Defendants, they were not paid any additional compensation for overtime hours worked.

Plaintiffs' claims were brought pursuant to the FLSA and NYLL. Given the six year statute of limitations for NYLL claims, the relevant time period was from January 2011 to January 2017. As already stated, the U.S. DOL conducted an extensive and thorough audit of Defendants for the time period of December 22, 2013 to October 25, 2015. The DOL determined that $11,688.16 was owed to Plaintiffs during this time period.[2] This money has already been paid to the U.S. Treasury by Defendants. As part of the agreement to resolve this case, Plaintiffs are accepting those monies, which fully and completely compensates them from for the time period covered by the audit. Following the audit by the DOL, Defendants made sure to carefully and meticulously track every single hour worked by all employees, and to provide them overtime compensation for all hours worked over forty in a given workweek. Thus, Defendants are extraordinarily confident that Plaintiffs are owed zero wages for the time period of October 2015 until their employment concluded in April 2016.

Given the foregoing facts, the only time period in question is from January 2011 to December 2013. At the mediation that was held in this matter, Plaintiffs provided a notebook which purportedly contained a list of all hours worked by Plaintiffs over the course of their employment. Defendants dispute the total amount of hours listed in Plaintiffs' notebook, and believe that they are inaccurate and overstated. Nevertheless, in an effort to try to resolve the case, Defendants created a potential damage calculation using the hours listed by Plaintiffs, thus giving Plaintiffs every benefit of the doubt with respect to the time allegedly worked. Utilizing Plaintiffs' hours, from January 2011 until December 2013, the total amount allegedly owed to Plaintiffs is $5,298.75. Thus, the amount recovered by Plaintiffs pursuant to the settlement agreement in this case is higher than even the maximum amount that they could be owed.

The settlement amount does not include additional amounts that could have been awarded, such as liquidated damages and prejudgment interest, had they proceeded to trial and obtained a successful verdict. However, one large concern which motivated Plaintiffs to settle the case was their legitimate concerns about the collectability of a judgment against Defendants. *See Lliguichuzchca v.*

---

[2] Defendants vehemently disagree with the DOL's findings, for a number of reasons. Nevertheless for purposes of reviewing the potential range of Plaintiffs' recovery, Defendants accept the DOL's determination as to the amounts owed during the time period covered by the audit.

*Cinema 60 LLC*, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) ("Case law recognizes that potential difficulty in collecting damages militates in favor of finding an [FLSA] settlement reasonable.") In this case, prior to agreeing to settle the case, counsel for Defendants provided counsel for Plaintiffs extensive documentation showing Defendants' financial distress. Under the circumstances, given the very real uncertainty regarding Defendants' ability to satisfy a larger judgment if one was obtained, the parties believe that the amount of $6,000 is fair and reasonable.

The second *Wolinsky* factor examines "the extent to which 'the settlement will enable the parties to avoid the anticipated burdens and expenses in establishing their respective claims and defenses." Had the parties not settled, and given the parties' sharply contested account of the actual hours worked by Plaintiffs, a trial on the merits was likely inevitable. Given Defendants' limited financial resources, the parties believed that it was beneficial to use monies that would be required to pay for extensive litigation costs and instead resolve the case by compensating Plaintiffs.

The third *Wolinsky* factor examines "the seriousness of the litigation risks faced by parties." All parties understand the inherent risks and significant expenses imposed by proceeding to a potential trial. Moreover, as already stated, Plaintiffs carefully considered the serious risk in post-judgment collection proceedings, which would largely be uncertain had the case not settled.

The fourth *Wolinsky* factor examines "whether the settlement agreement is the product of arm's length bargaining between experienced counsel." This settlement is indeed the result of extensive negotiation between competent and experienced counsel. Plaintiffs' counsel is represented by The Law Office of Justin A. Zeller, P.C., a firm that has represented numerous employees in wage and hour litigation, in the Eastern and Southern Districts of New York, and in the courts of the State of New York. Defendants' counsel, Goldberg and Weinberger LLP, is also a well-respected firm with tremendous experience litigating employment matters in federal court. It should also be noted that this negotiation began when Plaintiffs commenced the action in January 2017, and discussions were continuously held over the course of the litigation. The parties also attended a mediation, which was helpful in eventually reaching this resolution.

The fifth *Wolinsky* factor examines "the possibility of fraud or collusion." There is no evidence of any fraud or collusion in this case. Indeed, counsel for all parties have fiercely advocated on behalf of their respective clients.

**C.    The Attorneys Fees Are Fair and Reasonable.**

The proposed settlement also covers the plaintiffs' costs including attorney's fees. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Minimum Wage Act, N.Y. Lab. Law § 650, *et seq.*, and the Wage Theft Prevention Act, 2010 N.Y. Laws 564. These laws, in combination, provide to a prevailing party in a civil action an award of attorney's fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1)–(2), 663(1); *see also Gurung v. Malhotra*, 851 F. Supp. 2d 583, 595 (S.D.N.Y. 2012). This award is mandatory. *See Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008).

The amount of attorney's fees to which a party is entitled is based on the presumptively reasonable fee, sometimes called the lodestar. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir. 2008). The presumptively reasonable fee is the

product of the reasonable hours in the case and the reasonable hourly rate. *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill*, 522 F.3d at 184, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92–93 (1989); *see also Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors). But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

The plaintiff is represented in this action by the Law Office of Justin A. Zeller, P.C., a law firm specializing in wage and hour litigation and incorporated in 2005. The sole shareholder of the law firm is Justin A. Zeller, an attorney who graduated law school in 2002 and has specialized in wage and hour law since 2005. Associated with the law firm is Brandon D. Sherr, who graduated law school in 2010 and has since been associated with this law firm, and, until June 2017, John M. Gurrieri, who graduated law school in 2013 and then associated with this law firm, and who, while at this law firm, have specialized in wage and hour law. Michael S. Grant, who graduated law school in 2016 and is associated part-time with this law firm, also worked on this action.

Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar small firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323, at *23–24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400); *Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28–30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

The plaintiffs and their counsel have a contingent fee agreement for 40% of the total amount recovered. The plaintiffs' counsel's contemporaneous time records reflect hours in excess of thirty in this action. Even assuming reasonable hourly rates at the low end of the potential range or a reduction in justifiable hours, the potential attorney's fees award exceeds in multiples the amount to be paid by the plaintiffs to their attorneys pursuant to the settlement.

For the foregoing reasons, the parties submit that this settlement agreement is fair and reasonable, and respectfully request that it be approved by the court.

Thank you for your time and consideration regarding this matter.

Very Truly Yours,

_____/S/_____
Stuart Weinberger, Esq.